# General Accident Fire and Life Assurance Corporation, Ltd. v. Aetna Casualty and Surety Company

*Archie Diveglia*, for plaintiff.
*J. Walter Foulkrod, III*, for defendant.

WICKERSHAM, *J.*, December 6, 1979—This matter is before the court on plaintiff's and defendant's cross motions for summary judgment. The facts of this case are not in dispute, and are as follows: On April 29, 1977, at approximately 8:05 a.m., a car owned by Thelma Spangler, defendant's insured, was parked along the westerly curb of Hale Street in Harrisburg, Pa., across the street from the John Harris High School. Mrs. Spangler's son, Michael, had parked the car and was seated in the driver's seat. He then rolled down his window and called across the street to his friend, Tina Ackley, a non-insured student. Tina crossed the street and

began talking to Michael, while leaning in on the driver's side of the car. Thereafter, Ronald McCabe, plaintiff's insured, sideswiped the Spangler car, picked up Tina Ackley on its hood, and carried her along for about a block. Finally, she rolled off the car, sustaining injuries in excess of $9,000.

Following the accident Tina Ackley filed a claim for payment of basic loss benefits against both plaintiff and defendant pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Defendant refused payment and all payments were provided by plaintiff. As a result, plaintiff filed a complaint against defendant for contribution pursuant to section 1009.204(b) of the No-fault Act, 40 P.S. §1009.204(b).

The sole issue before the court en banc is whether the vehicle of defendant's insured, i.e., the Spangler car, was an "involved" vehicle within the meaning of section 1009.204(a)(4) of the No-fault Act. The determination of this issue will, in turn, establish whether plaintiff is entitled to contribution pursuant to section 1009.204(b) of the act.

Section 1009.204(a)(4) provides:

"The security for the payment of basic loss benefits applicable to an injury to: . . . (4) an individual who is not an insured or the driver or other occupant of a motor vehicle *involved in* an accident resulting in injury is the security covering any motor vehicle *involved in* such accident. For purposes of this paragraph, a *parked and unoccupied* motor vehicle is *not* a motor vehicle *involved* in an accident, unless it was parked so as to cause unreasonable risk of injury . . ." (Emphasis supplied.)

The parties have stipulated that the Spangler car insured by defendant was not ". . . parked so as to cause unreasonable risk of injury." The only source of dispute, therefore, is whether a *parked* and *occupied* car is an "involved" vehicle. The exclusion in the above-quoted section applies only to parked and unoccupied vehicles. Because the car in the case at bar was both parked and occupied, we hold that it was, in fact, an "involved" vehicle, and that the exclusionary proviso of section 1009.204(a)(4) does not apply.

Finally, having determined that defendant's insured vehicle was an "involved" automobile, pursuant to section 1009.204(a)(4), we likewise find that plaintiff is entitled to contribution from defendant under section 1009.204(b):

"(b)  If two or more obligations to pay basic loss benefits apply equally to an injury under the priorities set forth in subsection (a) of this section, the obligor against whom a claim is asserted first shall process and pay the claim as if wholly responsible. Such obligor is thereafter entitled to recover contribution pro rata from any other such obligor for the basic loss benefits paid and for the costs of processing the claim. If contribution is sought among obligors responsible under paragraph (4) of subsection (a) of this section proration shall be based on the number of *involved* motor vehicles." (Emphasis supplied.)

Because we have determined that there were two "involved" vehicles, plaintiff is entitled to one-half the amount which it has paid to the victim.

606

## ORDER

And now, December 6, 1979, plaintiff's motion for summary judgment is granted and defendant's cross motion for summary judgment is denied.